JOANNA L. BROOKS, Bar No. 182986
jbrooks@littler.com
DOMINIQUE N. THOMAS, Bar No. 231464
dnthomas@littler.com
LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California 94597
Telephone: 925.932.2468
Fax No.: 925.946.9809

Attorneys for Defendant
THERMO FISHER SCIENTIFIC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE, an individual, | Case No. |
| Plaintiff, | (San Francisco County Superior Court Case No. CGC-21-594407) |
| v. | |
| THERMO FISHER SCIENTIFIC INC., a Delaware Corporation; and DOES 1-50, inclusive, | **DEFENDANT THERMO FISHER INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b) (DIVERSITY)** |
| Defendant. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF JOHN ROE, AND TO PLAINTIFF'S ATTORNEY OF RECORD**:

**PLEASE TAKE NOTICE** that Defendant Thermo Fisher Scientific, Inc. ("Defendant") hereby removes the above-captioned action from the Superior Court of the State of California for the County of San Francisco (the "State Court") to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441 (a-b), 1446 and Civ. L.R. 3-2(d). Defendant makes the following allegations in support of its Notice of Removal:

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT THERMO FISHER INC.'S
NOTICE OF REMOVAL

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action where the amount in controversy for the named plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all of § 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. PLEADINGS, PROCESS, AND ORDERS

2. On August 11, 2021 Plaintiff John Roe ("Plaintiff")[1] filed a Complaint in the Superior Court of California, County of San Francisco entitled *John Roe v. Thermo Fisher Scientific, Inc., Civil Case No.CGC-21-594407* (the "State Court Action"). The Complaint asserts the following causes of action: (1) discrimination based on race, national origin or color in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§12900 et seq.; (2) discrimination based on age in violation of FEHA; (3) retaliation in violation of FEHA; (4) retaliation in violation of Labor Code § 1102.5; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; (7) Unfair Competition (Cal. Bus. & Prof. Code § 17200 *et seq.*) and (8) retaliation and wrongful discharge in violation of public policy. A true and correct copy of Complaint, and related court documents, that Plaintiff caused to be served upon Defendant in the State Court Action, is attached to the Declaration of JoAnna L. Brooks as Exhibit A (*See* Brooks Decl., ¶ 2, Exhibit A.)

3. On September 3, 2021, Plaintiff served Defendant with a copy of the Summons, Complaint, Civil Case Cover Sheet, ADR Packet, Notice and Acknowledgment of Receipt, and Notice of Case Management Conference to counsel for Defendant via email. A true and correct copy of the Summons, Complaint, and related court documents that Plaintiff caused to be served upon Defendant are attached to the Declaration of JoAnna L. Brooks as Exhibit B (*See* Brooks Decl., ¶ 3, Exhibit B.)

---

[1] Plaintiff is identified by a pseudonym in order to preserve his confidentiality pursuant to *Starbucks Corp. v. Superior Ct.* (2008) 168 Cal.App.4th 1436. Plaintiff's counsel has provided the identity of Plaintiff to defense counsel. *See* Declaration of JoAnna Brooks in Support of Defendant's Notice of Removal ("Brooks Decl."), ¶ 2, footnote.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2

DEFENDANT THERMO FISHER INC.'S NOTICE OF REMOVAL

4. Counsel for Defendant accepted service of the Summons and Complaint on September 22, 2021. A true and correct copy of the signed and served Notice and Acknowledgment is attached to the Declaration of JoAnna L. Brooks as <u>Exhibit C</u>. (Brooks Decl., ¶ 4, Exhibit C.)

5. Attached hereto as <u>Exhibit D</u> is a true and correct copy of Defendant's Answer to Plaintiff's Complaint, filed on September 22, 2021 in the Superior Court of California, County of San Francisco. (Brooks Decl., ¶ 5, Exhibit D.)

6. Pursuant to 28 U.S.C. § 1446(a), the documents attached as Exhibits A, B, C and D to the Declaration of JoAnna Brooks in Support of this Notice of Removal collectively constitute "all process, pleadings and orders" that have been served upon Defendant and filed in the State Court Action. (Brooks Decl., ¶ 6.) To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the State Court Action or served by any party, and no other proceedings related to this action have been heard in the State Court Action. Therefore, Defendant has satisfied the requirements of 28 U.S.C. § 1446. (Brooks Decl., ¶ 6.)

7. Defendant is informed and believes that it is the only named defendant in the State Court Action and that no other party has been named or validly served with the Summons and Complaint in the State Court Action. (Brooks Decl., ¶ 7.)

### III.     TIMELINESS OF REMOVAL

8. Pursuant to 28 U.S.C. § 1446(b) and Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, a notice of removal of a civil action must be filed within thirty (30) days of receipt of service of the summons and complaint if the complaint demonstrates that the case is removable.

9. This Notice of Removal is filed within thirty (30) days from September 3, 2021, the date when Defendant was served with Plaintiff's Summons and Complaint. 28 U.S.C. § 1446(b). (*See* Brooks Decl., ¶ 2-3, and Exhibits A and B.)

10. This Removal is, therefore, timely filed within the time period mandated by Section 1446(b), since the deadline to remove is October 4, 2021. <u>See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc</u>. 526 U.A. 344, 356 (1999)(holding the thirty-day removal deadline is triggered by actual service of the complaint).

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3

DEFENDANT THERMO FISHER INC.'S NOTICE OF REMOVAL

## IV. VENUE & INTRADISTRICT ASSIGNMENT

11. Plaintiff filed the Complaint in the Superior Court for the County of San Francisco, California. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84, 1391, 1441, and 1446.

12. This is the District Court of the United States for the district embracing the place where the State Court Action is pending and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a). *See also* 28 U.S.C. § 84 (relating to the four judicial districts of California and location of San Francisco County in the Northern District).

## V. THE DISTRICT COURT MAY EXERCISE DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

13. This Court has original jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1441(a) and (b), the State Court Action may be removed to this Court by Defendant because it is a civil action between citizens of different states and the amount in controversy now exceeds $75,000, exclusive of interests and costs, as set forth below.

### A. The Parties Are Citizens of Different States.

14. **Plaintiff Is a Citizen of California**. Citizenship of a natural person is established by domicile. A person's domicile is established by physical presence and an intent to remain indefinitely. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Residence creates a presumption of one's domicile. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (a party's residence is prima facie evidence of his domicile). Plaintiff resides in the State of California. (*See* Brooks Decl., Exhibit A, Complaint at ¶ 1.) Therefore, <u>Plaintiff is presumptively a citizen of the State of California</u>.

15. **Defendant Thermo Fisher Scientific Inc. Is Not a Citizen of California**. For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010), "the phrase 'principal place

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4

DEFENDANT THERMO FISHER INC.'S NOTICE OF REMOVAL

of business' [in § 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'never center' will typically be found at the corporation's headquarters." *Id.*; *see also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed). Here, Defendant was, at the time of the filing of this action, and still is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Waltham, Massachusetts. (*See* Declaration of Stephanie Colton in Support of Defendant's Notice of Removal ("Colton Decl."), ¶¶ 1-3.) Defendant's primary administrative and executive activities take place at its headquarters in Waltham, Massachusetts. *Id*. Thus, Defendant, both at the time this action was commenced and the time it was removed to federal court, is either a citizen of the State of Delaware or the Commonwealth of Massachusetts within the meaning of 28 U.S.C. § 1332(c)(1), because it was at all times a corporation formed under the laws of Delaware with its principal place of business and corporate headquarters located in the Commonwealth of Massachusetts.  Given that Defendant is not incorporate in California, and is not headquartered in California, <u>Defendant is not a citizen of California</u>.

16. The Complaint names as defendants "DOES 1-50, inclusive." Pursuant to 28 U.S.C. § 1441(a), however, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).  No other party has been named or served as of the date of this removal. (Brooks Decl. ¶ 6).

17. Based on the foregoing, this action is one between "citizens of different States" in accordance with 28 U.S.C. Section § 1332(a).  There is complete diversity among the parties.

**B.  Plaintiff's Complaint Places More Than &75,000 in Controversy.**

18. This Court has jurisdiction over this case because, in addition to meeting the prerequisite of complete diversity of parties, the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

19. The amount in controversy is determined from the allegations or prayer of the

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

5

DEFENDANT THERMO FISHER INC.'S NOTICE OF REMOVAL

complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938). Where a complaint does not seek a specific monetary amount in damages, the removing defendant need only show, by a preponderance of evidence, that the claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996). In determining the amount in controversy, a court may consider damages awards in similar cases. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

20. Courts "must assume" that the allegations of the complaint are true and that a jury [will] return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is placed in controversy by the Complaint and not the amount that a defendant would owe if the plaintiff prevails. *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 401 (2010). The "amount in controversy is simply an estimate of the amount in dispute." *Lewis*, 627 F.3d at 400.

21. Defendant denies the validity and merit of Plaintiff's claims and underlying allegations, and further denies that Plaintiff is entitled to any relief. However, it can now be reasonably ascertained from the allegations in the Complaint and the prayer for relief that the amount placed in controversy by Plaintiff far exceeds $75,000, exclusive of interest and costs. Plaintiff's Complaint seeks damages for substantial losses in earnings and job benefits and for humiliation, embarrassment, mental and emotional distress and discomfort in connection with his claim for discrimination under FEHA in an amount in excess of $250,000. (Brooks Decl., Exhibit A, Complaint at ¶¶ 90-159, Prayer for Damages, ¶¶ 1-7.)

22. **Lost Earnings and Economic Damages.** At the time of Plaintiff's separation, he earned a base salary of $161,002.00 annually. (Declaration of Lynette Spinnewebber in Support of Defendant's Notice of Removal, ¶¶1-2.) Assuming, *arguendo*, that Plaintiff could prevail on his claim for discrimination at trial (which Defendant denies), Plaintiff could conceivably recover back wages from the time he was laid off as a result of the COVID-19 pandemic to the time of trial. Assuming a trial date of September 3, 2022 (approximately one year from service of the operative complaint), and assuming Plaintiff is unemployed through the date of trial, he could seek the amount of $161,002.00 in back wages.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

6

DEFENDANT THERMO FISHER INC.'S NOTICE OF REMOVAL

23. Front pay awards in California frequently span a number of years. *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabata-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 92-93 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay benefits for only two years after trial, the amount of future wages in controversy in this case would total at least an additional $322,004.00. If this case goes to trial in September of 2022, Plaintiff's claims of back pay and front pay combined could reach an estimated total of $483,006.00 in damages.

24. While Plaintiff's potential lost wages and economic damages as alleged in the Complaint meet the jurisdictional minimum alone, consideration of Plaintiff's additional requests for emotional distress damages and punitive damages further demonstrate by a preponderance of evidence that the amount in controversy exceeds $75,000. *See Sanchez*, 95 F.3d at 862.

25. **Emotional Distress Damages**. In addition to damages alleged for lost earnings and employment benefits, Plaintiff also seeks recovery for emotional distress. Defendant believes that Plaintiff will not be able to establish any of his claims and/or that he suffered any damages, these categories of damages may be considered when calculating the amount in controversy. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (acknowledging that while plaintiff was only employed by the defendant for four months, "emotional distress damages in a successful employment discrimination case may be substantial" and "may be considered when calculating the amount in controversy even where not clearly pled in the complaint"). In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Using the *Kroske* formula, Plaintiff's emotional distress claims could add at least $25,000 to the amount in controversy, if not more.

26. **Punitive Damages**. Punitive damages must be taken into account for purposes of determining the amount in controversy where such damages are recoverable under state law.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

7

DEFENDANT THERMO FISHER INC.'S NOTICE OF REMOVAL

*Davenport v. Mut. Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons*, 209 F. Supp. 2d at 1033. A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334.

27. Defendant adamantly denies Plaintiff's allegations. Nonetheless, Plaintiff's claim for punitive damages alone could exceed the jurisdictional amount if he were to prevail at trial.

28. **Attorneys' Fees**. Attorney's fees may be taken into account to determine the jurisdictional amount if a statute authorizes fees to a successful litigant. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945 (1982). Attorney's fees are recoverable for a violation of FEHA and for a violation of Labor Code § 1102.5. *See* Cal. Gov. Code §§12965(b); Cal. Labor Code §1102.5(j). Attorneys' fees in individual employment cases often exceed damages. *Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002). Accordingly, it is reasonable to consider plaintiff's attorney's fees amounting to at least $75,000 through trial for purposes of calculating the amount in controversy.

29. In sum, although Defendant denies that Plaintiff's claims have any merit, when the relief Plaintiff seeks is taken as a whole, the amount in controversy for Plaintiff's claims more likely than not far exceed the $75,000 jurisdictional minimum, exclusive of interest and costs. Accordingly, this court has original jurisdiction over the claims asserted by Plaintiff in this action, based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

## VI. NOTICE TO STATE COURT & ADVERSE PARTY

30. Pursuant to 28 U.S.C. § 1446(d), a "Notice to State Court and Adverse Parties of Filing Notice of Removal" and a copy of this Notice of Removal is being contemporaneously filed with the State Court and served on Plaintiff's counsel of record. A true and exact copy of the "Notice to State Court and Adverse Parties of Filing Notice of Removal" (without exhibits) is attached to the Declaration of JoAnna Brooks in Support of this Notice of Removal as Exhibit E. (Brooks Decl. ¶ 8, Exhibit E.)

## VII. CONCLUSION

31. This action is removable to this Court because: (a) Defendants have established by a preponderance of the evidence that the amount now placed in controversy exceeds $75,000 for diversity jurisdiction; (b) this Notice of Removal is filed within thirty days (30) after Defendant was served with the Complaint; and (c) the State Court in which this action was commenced is within this Court's district and division.

WHEREFORE, please take notice that Defendant hereby removes the above-entitled action from the Superior Court of California, County of San Francisco, to the United States District Court for the Northern District of California. Defendant respectfully requests that this Action be removed and hereinafter proceed in the United States District Court for the Northern District of California.

Dated: September 24, 2021

LITTLER MENDELSON P.C.

*/s/ JoAnna L. Brooks*
JoAnna L. Brooks
Dominique N. Thomas

Attorneys for Defendant
THERMO FISHER SCIENTIFIC, INC.

4852-2253-3116.2 / 109315-1000