UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE,<br><br>  Plaintiff,<br><br>v.<br><br>THERMO FISHER SCIENTIFIC, INC.,<br><br>  Defendant. | Case No. 21-cv-07466-JD<br><br>**ORDER SETTING BENCH TRIAL RE FORMATION OF ARBITRATION AGREEMENT** |

    This is an employment discrimination case that was removed from state court on diversity jurisdiction grounds. Dkt. No. 1. Defendant Thermo Fisher Scientific, Inc. has moved to compel arbitration. Dkt. No. 13. Because the making of the arbitration agreement is in dispute, a bench trial is required.

    The parties agree that the Federal Arbitration Act (FAA), 9 U.S.C. § 4, governs here. Dkt. No. 13 at 5-6; Dkt. No. 14 at 3. The first inquiry under the FAA is "whether a valid agreement to arbitrate exists." *Norcia v. Samsung Telecomms. America, LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017) (quotations and citations omitted). The party seeking to compel arbitration bears the burden of proof on that issue, *id.*, and under the FAA, if the making of the arbitration agreement is in issue, then the Court is to "proceed summarily to the trial thereof." 9 U.S.C. § 4. It is not disputed that the contract formation inquiry is governed by California law. Dkt. No. 13 at 6; Dkt. No. 14 at 4.

    The parties disagree about the material facts of the formation of an agreement to arbitrate. The record indicates that plaintiff never expressly acknowledged receipt of the arbitration agreement, the Mutual Dispute Resolution Agreement (MDRA); never expressly assented to it; and did not opt out. The parties dispute whether plaintiff received actual or constructive notice of the MDRA, and if so, whether his failure to opt out can be construed as an assent to arbitration.

1  For the question of actual notice, defendant has proffered evidence that plaintiff accessed
2  the MDRA on August 19, 2019. Dkt. No. 13-1 ¶ 7 ("Defendant's email system shows that
3  Plaintiff accessed the MDRA that same day by clicking the link in the bulk email at approximately
4  10:26. Plaintiff's action was then captured on a master spreadsheet when he clicked on the
5  MDRA from his company issued computer and reviewed it from his assigned email address as
6  follows"). But plaintiff says that he never reviewed the agreement, Dkt. No. 14, and that
7  defendant's evidence does not show whether plaintiff was "able to successfully access the
8  provided hyperlink, nor did [defendant's HR Compliance Manager] provide any screenshots of
9  what plaintiff purportedly saw." *Id.* at 5. Plaintiff also highlights defendant's acknowledgement
10 that it sent plaintiff a reminder email on August 26, 2019, which stated, "Our records show that
11 you have not yet completed the review steps for this program, which includes a Mutual Dispute
12 Resolution Agreement." Dkt. No. 13-1, Ex. E. This is said to undercut defendant's argument that
13 plaintiff accessed the agreement on August 19th. Dkt. No. 14 at 5.

14 These are material factual disagreements that will need to be resolved through a bench
15 trial. Defendant may also offer at trial facts pertinent to constructive notice. Defendant says that
16 it sent plaintiff email notices of the MDRA and the need to opt out in 45 days on four separate
17 occasions. Dkt. No. 13-1 ¶¶ 5-8. The attached emails, Exs. B-E, however, contain no time
18 stamps, sender and receiver information, or any other information that might have definitively
19 enabled the Court to find that sufficient constructive notice was given to the plaintiff. *See Craig v.*
20 *Brown & Root, Inc.*, 84 Cal. App. 4th 416 (2000).

21 Consequently, pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, the Court sets a half-
22 day bench trial on the issue of arbitration agreement formation for June 13, 2022, at 1:00 p.m.
23 The Court anticipates that each side will present no more than one to three witnesses.

24 The parties are directed to work together on a discovery plan for the bench trial issues.
25 They are further directed to file by June 3, 2022, a joint list of witnesses and brief statements on
26 what each side expects the evidence will show. All other discovery is stayed pending further
27 order. The Court will resolve the motion to compel arbitration following the bench trial.

28

Plaintiff filed his complaint under a pseudonym in state court. Dkt. No. 1-2. If he wishes to continue proceeding by pseudonym in federal court, he will need to file a motion requesting permission from this Court to do so. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000).

**IT IS SO ORDERED.**

Dated: April 13, 2022

JAMES DONATO
United States District Judge